# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MAMIE L. BROWN, | Case No. 1:16-cv-1174 |
| Plaintiff, | |
| v. | Dlott, J.<br>Bowman, M.J. |
| TODD PORTUNE, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

On December 28, 2016, Plaintiff tendered a complaint in this Court, accompanied by an application to proceed *in forma pauperis*, or without payment of fees. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed because the Court lacks jurisdiction, and alternatively, because Plaintiff fails to state any claim upon which relief many be granted.

### I. General Screening authority

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to

screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or

delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

## II. Analysis

It is clear from the face of the complaint that Plaintiff does not allege that any of the 22 individual Defendants she has named took any action against Plaintiff personally. Instead, Plaintiff seeks to bring this lawsuit on behalf of her granddaughter. Plaintiff provides the following statement of her claim:

> My granddaughter continues to be locked into a system, continues to have her rights violated. She has not been allowed to visit or have contact with any of her siblings or any member of her family. She does not have anyone to be an advocate for her. She should have been able to opt out of foster care at 18 yrs. …She has not been able to make any choices. I have no other choice but to sue the county for her release. The names I have listed are persons that have blocked me for 15 [years]. She has been [denied] proper education, being love, nurtured & cared for by family members and being adopted by her biological aunt. I [am] seeking for her release as she is way beyond her age limit. She deserves reparations for all she has missed during her life in a failing system.
>
> The relief I am seeking is habeas corpus, as I desire the county to produce the body of my granddaughter Loucarcia Williams, 19 yrs of age. I'm filing [on] behalf of myself and my sister… She has been denied the right to a normal life. She has been over medicated, denied a normal education, wrongfully diagnosed since 2001. She has been abused by a system that was suppose[d] to protect her. She was denied the right to be adopted by her biological aunt without any explanation.

(Doc. 1-1 at 3-4, PageID 6-7). In addition to her granddaughter's release from the foster care system, Plaintiff seeks 51 million dollars in monetary damages. (*Id.* at PageID 8-9).

### A. Lack of Federal Jurisdiction

Plaintiff bears the burden of proving subject matter jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006) (citing *United States ex rel.*

3

*McKenzie v. BellSouth Telecommunications*, Inc., 123 F.3d 935, 938 (6th Cir. 1997)). No basis for jurisdiction is apparent on the fact of Plaintiff's complaint; she has left blank the boxes that request the litigant to indicate the basis for federal jurisdiction. However, on a Civil Cover Sheet accompanying her complaint, Plaintiff has checked boxes indicating that she is alleging a violation of civil rights under 28 U.S.C. §1331 (federal question jurisdiction). As stated above, Plaintiff also briefly refers to relief under "habeas corpus."

Plaintiff's complaint pertains to custodial issues, which are within the exclusive jurisdiction of the states and fall outside the scope of federal jurisdiction. In general, Ohio juvenile courts retain exclusive jurisdiction over matters involving child custody and support. More than a century ago, the United States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 10 S.Ct. 850, 853 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of the state's constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 Fed. App'x 615, 616 (6th Cir. 2002).

Although it is possible for federal jurisdiction to attach where a litigant presents an *independent* claim that challenges the constitutionality of a state official's action, numerous deficiencies in Plaintiff's complaint present an insurmountable barrier to jurisdiction. Plaintiff appears to challenge the state's decision to continue her

granddaughter's placement in the foster care system beyond her 18th birthday. When similar custodial claims have been presented, other federal courts have declined to exercise jurisdiction. *See, e.g., Lee v. Johnson-Wharton*, 2014 WL 7015178 (S.D. Ohio Dec. 11, 2014) (federal court lacks jurisdiction to review custody issue terminating plaintiff's parental rights and placing child in foster care); *Aitken v. Child Support Enforcement Agency*, 2007 WL 963278 (N.D. Ohio, March 28, 2007)(dismissing under 28 U.S.C. §1915(e) plaintiff's due process claim based upon allegation that CSEA improperly awarded child support in his absence, when he could not attend hearing); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973)(dismissing lawsuit for failure to state a claim where plaintiff filed suit against thirty-six defendants, including State and County officials and private individuals, over intrafamily custody battle). In short, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts. Plaintiff's conclusory references to violations of the civil rights of her granddaughter are not sufficient—even if they did not also merit dismissal under Fed. R. Civ. P. 12(b)(6)—to grant federal jurisdiction.

This Court cannot grant the relief Plaintiff seeks - release of her adult granddaughter from the State's foster care system to either Plaintiff's custody or to the young adult's aunt. *See generally Elk Grove United School Dist. v. Newdow,* 124 S.Ct. 2301, 2309 (2004) (Despite "rare instances in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue,... in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts."); *Ankenbrandt v. Richards*, 112 S. Ct. 2206 (1992) (narrowing the domestic relations exception, but affirming its continuing viability).

5

*Accord McGhan v. Kalkaska County Dep't of Human Servs.*, 2009 WL 2170151 *9 (W.D. Mich. July 20, 2009)("the court lacks jurisdiction over any claim by plaintiff that she suffered injuries resulting from the decisions made by Michigan's courts in child custody proceedings.").

### B. Inability of Pro Se Litigant to Represent Others

This case is also subject to *sua sponte* dismissal because Plaintiff fails to allege that any Defendant violated any of *Plaintiff's* constitutional rights, as opposed to the alleged (but still unspecified) civil rights of Plaintiff's granddaughter or sister. As other courts have recognized: "While an individual may represent [herself] *pro se,* that is, without the benefit of counsel, all states have laws prohibiting a person who is not a lawyer from representing another person in a legal proceeding." *Chapman v. Kilroy Restaurants, Inc.*, 2016 WL 1567258, at *2–3 (S.D.Ohio 2016); *see also Gonzales v. Wyatt,* 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer"); *Johns v. Cnty. of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself"); *Eagle Assoc. v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir. 1991) (stating that 28 U.S.C. § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves"); *Smith v. Dukes,* 21 Fed.Appx. 344, 345 (6th Cir. 2001); *Harrison v. Seay,* 856 F.Supp. 1275, 1279 (W.D.Term.1994). Accordingly, Plaintiff lacks standing to bring any claims on behalf of anyone other than herself.

### C. Additional Grounds for Dismissal Under *Iqbal*

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court clarified that standard by holding that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974. In *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court further explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Under *Iqbal,* a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations. *Id.* The first step is to identify the elements of the plaintiff's claim, in order to determine which allegations are mere legal conclusions, as opposed to factual allegations entitled to the "assumption of truth." *Id.* at 1951 ("We begin...by identifying the allegations in the complaint that are not entitled to the assumption of truth"). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965. The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998)(internal quotation marks and additional citation omitted).

None of Plaintiff's allegations survive the *Twombly* and *Iqbal* pleading standards. Plaintiff has failed to state any claim against any Defendant, even when all allegations are construed in the light most favorable to Plaintiff. *Pro se* complaints are held to a less rigorous standard than those drafted by attorneys, but the court is not required to discover or create a claim that is not pleaded. *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011); *see also Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). A plaintiff is still required to plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

Liberally construed, Plaintiff's complaint might be viewed as attempting to assert either a civil rights claim under 42 U.S.C. §1983, or perhaps a habeas corpus claim under 28 U.S.C. §§2241 or 2254. With respect to any §1983 claim, however, Plaintiff's allegations do not offer sufficient factual detail against any identified Defendant through which this Court can construe any cognizable violation of any constitutional right held by Plaintiff herself. Since Plaintiff makes no specific allegations against any of the 22 individual Defendants, it is unclear whether they are private individuals, or state or county officials. If they are private individuals, no claim could be stated under 42 U.S.C. §1983 absent a showing that they acted under color of state law. In addition, the Eleventh Amendment generally bars Plaintiff's claim for monetary damages from any state agency or official.

Likewise, Plaintiff has failed to state any cognizable habeas corpus claim. Aside from the fact that Plaintiff alleges that her granddaughter is now an adult and Plaintiff lacks standing to pursue any claim on her behalf, children in foster care are not in the "custody" of the state within the meaning of §§ 2241 or 2254. Rather, children in foster

care are "in the 'custody' of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents." *Lehman v. Lycoming County Children's Servs. Agency,* 458 U.S. 502, 510 (1982) (holding that federal habeas review is not available to challenge parental rights or child custody).

### D.  Younger Abstention

The status of any state court proceedings is not clear from the face of the complaint. However, to the extent that litigation may be pending in state court, then this Court must abstain until all appeals have been exhausted. *See Younger v. Harris,* 401 U.S. 37 (1971); *see also generally Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975).

### III. Conclusion and Recommendation

For the reasons stated, because this Court lacks jurisdiction over the construed complaint and because Plaintiff fails to state a claim against any construed Defendant, **IT IS RECOMMENDED THAT** this case be dismissed with prejudice and closed, pursuant to 28 U.S.C. §1915(e).

                                               *s/ Stephanie K. Bowman*
                                               Stephanie K. Bowman
                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAMIE L. BROWN,

    Plaintiff,

v.

TODD PORTUNE, et al.,

    Defendants.

Case No. 1:16-cv-1174

Dlott, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).